UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America<br><br>v.<br><br>Teeon Thorman,<br><br>*Defendant.* | **Protective Order**<br><br>**S6 17 Cr. 118 (KPF)** |

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendants having requested discovery under Fed. R. Crim. P. 16(a)(1)(E), the Court hereby finds and orders as follows:

1. Counsel for defendant Teeon Thorman shall receive discovery subject to the same terms and conditions set forth in the protective order in this case dated March 13, 2017, which is attached hereto as Exhibit A and hereby incorporated by reference in this Order.

2. This Order may be signed in counterparts and transmitted by facsimile and/or electronic copy, each of which counterparts will be deemed to be an original and which taken together will constitute the Order.

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
Acting United States Attorney

by: _____   Date: 12/5/2019
Thane Rehn
Assistant United States Attorney

_____   Date: 12/5/2019
Christopher Madiou, Esq.
Counsel for Teeon Thorman


SO ORDERED:

Dated: New York, New York
       December 5, 2019

_____
THE HONORABLE KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE

2

# Exhibit A

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: March 13, 2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America

v.

Joel Daly, Akanilli Dekattu, and Quentin Goodridge,

*Defendants.*

**Protective Order**

**17 Cr. 118 (KPF)**

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendants having requested discovery under Fed. R. Crim. P. 16(a)(1)(E), the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government has made and will make disclosure to the defendant of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material." The Government's disclosure material may include material that (i) affects the privacy, confidentiality, and business interests of individuals and entities; and (ii) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Sensitive Disclosure Material.** Discovery materials which contain and/or reflect personal identification information of victims (including, but not limited to names, dates of birth, Social Security numbers, passwords, and bank account numbers) produced by the Government in this action pursuant to its discovery obligations are deemed "sensitive disclosure material," and will be labeled as such in the index produced with the discovery materials.

3. **Facilitation of Discovery.** The entry of a protective order in this case will permit the Government to produce expeditiously the sensitive disclosure material without further litigation or the need for redaction. It will also afford the defense prompt access to those materials, in unredacted form, which will facilitate the preparation of the defense.

4. **Good Cause.** There is good cause for entry of the protective order set forth herein.

**Accordingly it is hereby Ordered:**

5. Sensitive disclosure material shall not be disclosed by the defendants or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any sensitive disclosure material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any sensitive disclosure material to the media or any third party except as set forth below.

6. Sensitive disclosure material may be disclosed by counsel to:

(a) the defendant for review at the offices of defense counsel for purposes related to this case. The defendant shall not maintain, retain, or keep copies of any records containing sensitive disclosure material outside of the offices of defense counsel. The defendant shall not make or retain any notes that include any sensitive disclosure material outside the offices of defense counsel.

(b) the following persons (hereinafter "Designated Persons"):

    (i) investigative, secretarial, clerical, paralegal and student personnel employed full-time or part-time by the defendant's attorney;

      (ii)    independent expert witnesses, investigators or advisors retained by the defendant's attorney in connection with this action;

      (iii)    such other persons as hereafter may be authorized by the Court upon such motion by the defendant; and

7. The defendants and their counsel shall provide a copy of this Order to Designated Persons to whom they disclose sensitive disclosure material pursuant to paragraphs 6(b)(i), (ii), and (iii). Designated Persons shall be subject to the terms of this Order.

8. The Government may authorize, in writing, disclosure of sensitive disclosure material beyond that otherwise permitted by this Order without further Order of this Court.

9. This Order does not prevent the disclosure of any sensitive disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. However, sensitive disclosure material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

### Return or Destruction of Sensitive Disclosure Material

10. Except for sensitive disclosure material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all sensitive disclosure material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later.

## Retention of Jurisdiction

10. The provisions of this Order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order until the Court orders otherwise.

11. This Order may be signed in counterparts and transmitted by facsimile and/or electronic copy, each of which counterparts will be deemed to be an original and which taken together will constitute the Order.

AGREED AND CONSENTED TO:

PREET BHARARA
United States Attorney

by: _____          Date: 3/8/2017
Thane Rehn
Assistant United States Attorney


_____              Date: _____
Thomas Francis Dunn, Esq.
Counsel for Joel Daly


_____              Date: _____
John T. Zach, Esq.
Counsel for Akanilli Dekattu


_____              Date: _____
Johanna Sanger Zapp, Esq.
Counsel for Quentin Goodridge

## Retention of Jurisdiction

10. The provisions of this Order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order until the Court orders otherwise.

11. This Order may be signed in counterparts and transmitted by facsimile and/or electronic copy, each of which counterparts will be deemed to be an original and which taken together will constitute the Order.

AGREED AND CONSENTED TO:

PREET BHARARA
United States Attorney

by: _____        Date: _____
Thane Rehn
Assistant United States Attorney

_____ Date: 3/8/17
Thomas Francis Dunn, Esq.
Counsel for Joel Daly

_____        Date: _____
John T. Zach, Esq.
Counsel for Akanilli Dekattu

_____        Date: _____
Johanna Sanger Zapp, Esq.
Counsel for Quentin Goodridge

4

**Retention of Jurisdiction**

10. The provisions of this Order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order until the Court orders otherwise.

11. This Order may be signed in counterparts and transmitted by facsimile and/or electronic copy, each of which counterparts will be deemed to be an original and which taken together will constitute the Order.

AGREED AND CONSENTED TO:

PREET BHARARA
United States Attorney

by: _____          Date: _____
Thane Rehn
Assistant United States Attorney


                                                                              Date: _____

_____
Thomas Francis Dunn, Esq.
Counsel for Joel Daly

                                                                              Date: 3/3/17

_____
John T. Zach, Esq.
Counsel for Akanilli Dekattu


                                                                              Date: _____
_____
Johanna Sanger Zapp, Esq.
Counsel for Quentin Goodridge

4

**Retention of Jurisdiction**

10. The provisions of this Order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order until the Court orders otherwise.

11. This Order may be signed in counterparts and transmitted by facsimile and/or electronic copy, each of which counterparts will be deemed to be an original and which taken together will constitute the Order.

AGREED AND CONSENTED TO:

PREET BHARARA
United States Attorney

by: _____          Date: _____
Thane Rehn
Assistant United States Attorney


_____               Date: _____
Thomas Francis Dunn, Esq.
Counsel for Joel Daly


_____               Date: _____
John T. Zach, Esq.
Counsel for Akanilli Dekattu


_____               Date: 3/2/17
Johanna Sanger Zapp, Esq.
Counsel for Quentin Goodridge

4

SO ORDERED:

Dated: New York, New York
       March 13, 2017

*Katherine Polk Failla*
_____
THE HONORABLE KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE

```
This confidentiality agreement does not bind the Court or any of its
personnel.
```